Butterfield
v.
Cooper.

where the court, in the exercise of their discretion, will sometimes refuse a party the second chance of success, who has failed to recover on the first trial. We agree that we will not allow a new defence which is unconscionable; but we are not aware that the principle can be extended to this case. The plea is to be regarded now as if it had been overruled in this court upon the demurrer; and on the ground that it was so defectively drawn, as not to present the defence which it aimed at. This is much a matter of course; nor has it been denied merely because the particular plea sought to set up an unconscionable defence, provided it was a valid one. The defendant ought not to suffer from the delay, under the circumstances of this case. The plea was holden good in this court, but overruled on error against him. There is, to be sure, some dispute of this; but the defendant so understands it. The dispute probably arises from the manner in which the opinions of the court for the correction of errors are delivered. From the great number of that body, and the different grounds often taken by members in deciding a cause, such difficulties are not unusual. Nor is it very material, as we allow only an amendment of the particular plea, to which we think the party has a right; and which must be done on payment of all costs of the demurrer, of this motion, and of the cause in the court for the correction of errors.

Rule accordingly.

---

### BUTTERFIELD against COOPER.

The plaintiff is not bound to know that special bail is in, unless the defendant give regular notice thereof; and may, therefore, tho' special bail be in, issue a *ca. sa.* without first having issued a *fi. fa.* if there be no notice of bail given.

MOTION to set aside a *ca. sa.* against the defendant, on the ground that no *fi. fa.* had first been issued; the defendant having put in special bail. But the balance of proof upon the affidavits, was, that no regular notice of special bail had been given to the plaintiff's attorney.

*E. Fowler & J. H. Bronson*, for the motion.

*G. C. Sherman,* contra.

*Curia.* The plaintiff was not bound to know that special bail was in, without regular notice of bail. The motion must be denied.

Motion denied.

---

WELLS <em>against</em> HATCH.

THE plaintiff having made a case in this cause, upon which to move for a new trial, a motion was made in his behalf, to bring on the argument upon its order on the calendar : But

An affidavit of the defendant's attorney was read on the other side, stating that on the 28*th* day of *February,* when it was too late to notice the cause for argument, no copy of the case settled by the circuit judge had been served on him. And a motion was made in his behalf, grounded on this affidavit, (he having also served notice of argument,) that a new trial be denied. And for him was cited *Honay* v. *Chesterman,* (5 *Cowen,* 22.) Contra, was cited, *Delamater* v. *Smith,* (16 *John.* 2.)

*W. Hay,* for the defendant.

*I. W. Paddock,* for the plaintiff.

*Curia. Delamater* v. *Smith,* (16 *John.* 2,) lays down the rule of practice, when it is intended to move to strike the cause from the calendar, so as to prevent its being argued. Notice must, in such case, be given as for a non-enumerated motion. In *Honay* v. *Chesterman,* (5 *Cowen,* 22,) the motion was, that a new trial be denied, on the ground that the party making the case had not served a copy in due season, and the opposite party had noticed it for argument. We granted the motion, on the cause being moved upon the calendar, without our attention being called to the inconvenience of thus mingling motions of an

*A motion for such rule as a party is entitled to, upon the ground that a copy of the case is not served upon him, according to the practice of the supreme court, must be noticed and brought on as a non-enumerated motion.*